USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/12

**RAFF & BECKER, LLP**
ATTORNEYS - AT - LAW
470 PARK AVENUE SOUTH, 3ʳᴰ FLOOR NORTH
NEW YORK, NEW YORK 10016

(212) 732-5400

DAVID RAFF
ROBERT L. BECKER

MARIA T. GUARNIERI*
SUSAN E. SALAZAR*
\* also admitted in New Jersey

FACSIMILE
(212) 732-0270

E-MAIL ADDRESS
raffd@raffbecker.com

RECEIVED

... 2012

LORETTA A. ...
CHIEF U.S. DISTRICT JUDGE
S.D.N.Y.

February 28, 2012

Hon. Loretta A. Preska, Chief Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re: Barcia/Municipal Labor Committee v. Sitkin, et al., 79 Civ. 5831 and 5899 (LAP)

Dear Judge Preska:

  I am Lead Class Counsel for Plaintiffs in the above referenced cases. I am writing to advise Your Honor that, since the retirement of the late Hon. Robert L. Carter, U.S.D.J., plaintiffs and defendants have been working diligently and cooperatively to achieve the remedial plan and goals Judge Carter established in a series of orders intended to insure that some 60,000 unemployed workers per year have unemployment benefit hearings that are fair and in conformity with the due process requirements established by the Court.

  It has come to our attention that, by letter dated February 13, 2012, Jessly Guzman, an unemployment insurance claimant, has written to Your Honor contending that the hearing process in her case was not fair and that the Administrative Law Judge ("ALJ") did not act in accordance with the requirements of the Court's orders. When complaints of this kind are made, they are usually brought to defendant Unemployment Insurance Appeal Board ("Board") and our attention first so that we can investigate the allegations and make an informed assessment as to whether the class member's rights have been violated. To that end, a protocol has been worked out with the Board whereby the Board confers with Class Counsel about the specifics of any such complaint, reviews the case file, listens to the recording of the hearing, and interviews the ALJ and, if necessary, the parties to the hearing. The Board discusses its findings with Class Counsel and advises us as to what remedial action it intends to take if the complaint, or any aspect of it, has merit. If the Board concludes that there is no merit to the complaint, it provides the reasons for that conclusion. In either event, upon our request, the Board will make the case record, recording of the hearing, and other relevant information available to Class Counsel for independent review.

During this process, the parties work conscientiously to resolve any differences they may have. If there is no resolution as to the scope of the investigation, the findings, and/or the remedial action, either party can pursue a mediation process established as part of the Court's order. It is only after all avenues of alternative dispute resolution have been exhausted can a party bring the dispute to Court. In the past few years, this system has worked exceedingly well.

The Board's willingness to work cooperatively to address complaints from claimants was evident regarding a previous letter complaint sent to the Court by unemployment claimant Nigel Richards on or about November 13, 2011. In his complaint, Mr. Richards contended that the ALJ hearing his case had violated his due process rights under the Court's orders and had otherwise acted inappropriately. After investigation by the Board, and discussion with Class Counsel, the Board found merit to the complaint, assigned a new ALJ to hear the case *de novo*, and provided formal counseling to the ALJ. Class Counsel were in agreement with that resolution and by letter dated February 2, 2012, the Board Chairman, Leonard D. Polletta informed Your Honor, as well as Mr. Richards, of that resolution.

With respect to the Guzman complaint, we have discussed the complaint with the Board and its counsel, the Office of the New York State Attorney General. We are all in agreement that following the existing protocol for dealing with individual complaints is the most effective way of handling them.

We believe that it would save judicial resources and expedite resolution of complaints if, in the first instance, the parties were afforded the opportunity to address those complaints under the existing protocol and Court orders. To that end, it is respectfully suggested that any complaints sent directly to Your Honor be referred to the counsel for the parties. The parties can then investigate the matter, determine if an agreed upon resolution can be achieved, and advise the Court accordingly.

SO ORDERED
*Loretta A. Preska*
UNITED STATES DISTRICT JUDGE
March 1, 2012

Respectfully Submitted,

David Raff
Lead Class Counsel

cc: June Duffy, Assistant Attorney General
Leonard D. Polletta, Chairman, Unemployment Insurance Appeal Board