# RAFF & BECKER, LLP
ATTORNEYS - AT - LAW
470 PARK AVENUE SOUTH, 3RD FLOOR NORTH
NEW YORK, NEW YORK 10016

(212) 732-5400

DAVID RAFF
ROBERT L. BECKER

MARIA T. GUARNIERI*
SUSAN E. SALAZAR*
\* also admitted in New Jersey

FACSIMILE
(212) 732-0270

E-MAIL ADDRESS
raffd@raffbecker.com

January 30, 2015

Hon. Loretta A. Preska, Chief Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Barcia v. Sitkin*, 79 Civ. 5831 (LAP); *Municipal Labor Committee v. Sitkin,* 79 Civ. 5899 (LAP)
        Class Counsel's Reply to Watkins's January 22, 2015 Letter re: Hanan Alonzo Case

Dear Chief Judge Preska:

  As lead class counsel for plaintiffs in the above-captioned actions, I am replying to Mr. Kevin Watkins's January 22, 2015 letter to Your Honor[1] in which he launches a factually inaccurate diatribe against me personally and in my capacity as lead class counsel.  We see no reason to respond point-by-point or in-kind to Mr. Watkins's eleven page letter and 25 pages of attachments.  Suffice it to say that his letter contains a myriad of outrageous, inflammatory and untrue claims.  A few observations are, however, warranted.

- We reviewed Mr. Watkins's additional claims about how the Alonzo case was handled by the ALJ and once again reviewed the Alonzo audio file and documents provided to us by the Appeal Board.  Class counsel stand firmly behind the statements made in my January 7, 2015 letter to Your Honor.  We also note that Mr. Watkins frequently mischaracterizes what my letter says, and we refer the Court to our letter as to what we actually represented to the Court.

- **Neither** I nor any class counsel (including associates in my firm) know Mr. Watkins, met with him, or discussed any aspects of the *Barcia/MLC* Consent Decree or claimant representation with him.  Moreover, no one from my firm had anything to do with any so-called effort to have him arrested "for standing outside [of Department of Labor offices] and handing out information sheets to claimants entering the hearing office," as claimed by Watkins at the top of unnumbered page 9 of his January 22, 2015 letter.

---

[1] I have been advised that counsel for the Appeal Board will be sending a separate reply letter.

- When class counsel agreed with Mr. Watkins about a due process violation affecting his client and remedial action was taken (*see, e.g.,* Linda Joseph's letters to the Court regarding Mr. Watkins's complaints regarding, for example, the Nigel Richards (February 2, 2012), Nathalie Saby-Brown (April 7, 2012), Kenroy Kerr (November 18, 2013), and Periz-Mejia and Oscar Diaz (April 7, 2014) cases), he had no complaints. It was only when class counsel disagreed with his claim that there was a due process violation in the Alonzo case (*see* Raff letter to Your Honor dated January 7, 2015) that he embarked upon a personal and professional attack upon me.

- Contrary to Mr. Watkins's assertion that I approved a claimant representative "fee setting scheme" (*see* Watkins's January 22, 2015 letter at unnumbered pages 5-6), I had nothing to do with Appeal Board fee rules or awards. The Appeal Board's right to establish fee rules and awards is governed by New York Labor Law § 538. Class counsel only have the right to object to changes to Consent Judgment established procedures. *See* Consent Judgment ¶ 53. The setting of hourly rates and granting fee awards to claimant representatives are not within that purview. In fact, I informed the Appeal Board that since its proposed fee rules were outside of the fair hearing procedures set forth in the Consent Judgment, class counsel had no basis to submit a Consent Judgment objection.

Class counsel do not object to Mr. Watkins taking reasonable steps to protect his clients' interests or obtain a reasonable fee for his efforts. We do, however, object to his continuing to send his letters directly to the Court, instead of, in the first instance, to the attorneys for the parties so that they would have the opportunity to investigate his complaint,[2] and to his use of character assassination as retaliation against someone who disagrees with him.

Respectfully,

David Raff
Lead Class Counsel for Plaintiffs

cc:   Linda D. Joseph, Esq.
      Mr. Kevin Watkins

---

[2] In a May 29, 2012 follow-up letter to the Court's March 1, 2012 order (Dkt. No. 426), Assistant Attorney General Linda D. Joseph asked Mr. Watkins to send his complaints "to the attorneys for the parties rather than the Court." Mr. Watkins ignored that request. In an April 4, 2014 letter to Mr. Watkins, the Chairman of the Appeal Board, Leonard D. Polletta, reminded him about the Court's March 1, 2012 order and Ms. Joseph's May 29, 2012 request. Mr. Watkins continues to write directly to the Court without first giving counsel for the parties the opportunity to investigate his claims. *See, e.g.,* Mr. Watkins's January 28, 2015 letter complaining to Your Honor about the conduct of ALJ Pichardo as to claimant Yaa Serwaa, ALJ Case # 104-30979.